[No. B118436. Second Dist., Div. Four. Nov. 24, 1998.]

JAN CILDERMAN, Plaintiff and Respondent, v.
CITY OF LOS ANGELES et al., Defendants and Appellants.

**COUNSEL**

James K. Hahn, City Attorney, Frederick N. Merkin and Diane N. Wentworth, Assistant City Attorneys, for Defendants and Appellants.

Diane Marchant for Plaintiff and Respondent.

**OPINION**

**EPSTEIN, J.**—In this case, we hold that the Los Angeles Police Department (the Department) properly extended the probationary period for police officer Jan Cilderman in accordance with its rules. For that reason, when Mr.

Cilderman was terminated before the conclusion of the extended probationary period, he was not entitled to the due process rights of a tenured officer. We reverse the trial court's order issuing a writ of mandate.

### FACTUAL AND PROCEDURAL SUMMARY

Respondent Jan Cilderman was appointed to the position of Los Angeles Police Officer on April 17, 1995. On that date, he began serving the 18-month probationary period required by section 109 of the Los Angeles City Charter.

Section 109(c) of the Los Angeles City Charter provides: "At or before the expiration of the probationary period, the appointing authority of the department or office in which the candidate is employed may terminate him upon assigning in writing the reasons therefor to said board. Unless he is thus terminated during the probationary period his appointment shall be deemed complete."

An officer who completes the probationary period becomes a tenured officer entitled to the procedural protections of Los Angeles City Charter section 202: "No tenured officer of the Department shall be suspended, demoted in rank, suspended and demoted in rank, removed, or otherwise separated from the service of the Department (other than by resignation), except for good and sufficient cause shown upon a finding of 'guilty' of the specific charge or charges assigned as cause or causes therefor after a full, fair, and impartial hearing before a Board of Rights . . . ."

On respondent's first day at the police academy, he was given a one-page form called "Adjustment of Probationary Period Notification." This notice incorporated the provisions of Los Angeles County Civil Service Commission Rules, rule 5.26: "In the event a probationary officer is absent from duty in excess of seven calendar days in the aggregate, except for vacation time, time off for overtime, or regular days off . . . , that probationary officer's probationary period shall be extended by the entire period or periods missed. Additionally, the probationary period shall also be extended by the number of days the probationary officer is on restricted duty because of an on or off-duty injury or illness, or pregnancy. . . . Restricted duty shall be computed the same as absences. (Civil Service Commission Rule 5.26)" Respondent signed the notice, acknowledging that "I have read the above and understand that any adjustment in my probationary period due to restricted duty or absences shall be automatic without specific notice to me and without an appeal process."

On March 22, 1996, the Department filed a request to extend respondent's probationary period for 19 days, based on 3 days of sick leave and 16 days

of restricted duty because of a broken foot. Respondent signed the written request for probation extension, acknowledging "I have been advised on the Department's policy regarding probation extension due to illness. I understand and accept this action."

Based on his hire date of April 17, 1995, respondent's 18-month probationary period ordinarily would have ended on October 17, 1996. With the 19-day extension of his probation, his probationary period was rescheduled to end on November 5, 1996.

Respondent successfully completed his academy training, and was transferred to Rampart Patrol Division to continue his probationary evaluation period. On October 26, 1996, nine days after the originally scheduled end of respondent's probationary period, the chief of police made the tentative decision to terminate respondent's employment based on reports of substandard performance. Treating respondent as a probationary employee, the chief did not utilize the removal procedure prescribed by Los Angeles City Charter section 202 for permanent police officers. Instead, respondent was offered an opportunity to respond to the tentative decision.

On February 12, 1997, Captain Daniel Schatz, the commanding officer of the Department's personnel division, conducted a hearing "to determine if the Chief of Police should terminate Officer Cilderman while on probation with this Department." Respondent denied that he had failed to meet the minimum performance standards in the areas listed by the Department. He also argued that his probationary period had been invalidly extended, and that he was entitled to a full evidentiary hearing as a tenured police officer. Respondent supported this second claim with a statistical showing that of the probationary police officers hired between January 1, 1995, and June 30, 1995, probation was extended for only 26 percent of those who were sick or on restricted duty for seven days or more during their probation.

In written findings, Captain Schatz concluded that there was substantial evidence that respondent "did not demonstrate the ability to adequately perform as a Police Officer." Captain Schatz also rejected respondent's claim of selective enforcement of probation extensions: "No evidence was offered that Rampart Patrol Division was unfair or selective in its extension of his probation." Captain Schatz instead found that inconsistent enforcement of probation extension resulted from administrative oversight which did not rise to the level of abuse of discretion or denial of due process. He found the documentation supported respondent's termination, and recommended that the appeal be denied. The chief of police accepted that recommendation, and respondent was terminated on March 14, 1997, retroactive to October 26, 1996.

Respondent filed a petition for writ of mandate, claiming the City of Los Angeles and the chief of police had abused their discretion by not proceeding in the manner required by law. The trial court granted the petition. It found that extending respondent's probation pursuant to Los Angeles County Civil Service Commission Rules, rule 5.26 was arbitrary and unfair because the Department did not apply the rule uniformly. The court reasoned that since the decision to terminate respondent occurred after the scheduled end of respondent's original probationary period, and since the extension of probation was improper, respondent was a tenured employee at the time of his termination entitled to the termination procedures set forth in Los Angeles City Charter section 202. This is a timely appeal from that decision.

## DISCUSSION

██ The sole basis for respondent's petition for writ of mandate was that the Department's uneven application of Los Angeles County Civil Service Commission Rules, rule 5.26 to extend his probation while not extending the probation of other employees constituted "an abuse of discretion, if not a violation of the due process and equal protection clauses of the 14th Amendment . . . ." While the trial court agreed, we do not.

██ "Unequal treatment which results simply from laxity of enforcement or which reflects a nonarbitrary basis for selective enforcement of a statute does not deny equal protection and is not constitutionally prohibited discriminatory enforcement." (*Baluyut* v. *Superior Court* (1996) 12 Cal.4th 826, 832 [50 Cal.Rptr.2d 101, 911 P.2d 1].) Unequal application of a statute or rule to persons entitled to be treated alike is not a denial of equal protection "unless there is shown to be present in it an element of intentional or purposeful discrimination." (*Snowden* v. *Hughes* (1944) 321 U.S. 1, 8 [64 S.Ct. 397, 401, 88 L.Ed. 497].) What the equal protection guarantee prohibits is state officials "purposefully and intentionally singling out individuals for disparate treatment on an invidiously discriminatory basis." (*Murgia* v. *Municipal Court* (1975) 15 Cal.3d 286, 297 [124 Cal.Rptr. 204, 540 P.2d 44].)

██ All respondent presented to support his claim of disparate treatment was a statistical record showing that during the period from January 1, 1995, to December 31, 1996, of 125 officers eligible to have their probation extended under Los Angeles County Civil Service Commission Rules, rule 5.26, probation was extended for only 34 of them. There is no evidence that this disparity was the result of intentional or purposeful discrimination.

In opposition to the petition for writ of mandate, the Department submitted the declaration of Daniel Schatz, commanding officer of the Department's personnel division. According to Captain Schatz, an audit of the

probation extensions for the period January 1, 1995, to June 30, 1995, revealed problems with the Department's procedures for extending probationary periods. He described the difficulties in the methods used by the probation training coordinators for keeping records of each probationary officer's absences and performance evaluations, and concluded: "Since, during the period of time we were looking at, the Police Department hired close to 500 Police Officers, it was not surprising to find that a significant number of probationers whose probationary periods should have been extended fell through the cracks." Captain Schatz also stated that he was "not aware of any instance where a Coordinator intentionally failed to extend the probationary period of any probationary officer."

This record does not demonstrate intentional or purposeful discrimination, but a mere laxity of enforcement of Los Angeles County Civil Service Commission Rules, rule 5.26. This is inadequate to establish a denial of equal protection. (*Snowden v. Hughes, supra,* 321 U.S. at p. 8 [64 S.Ct. at p. 401].)

The record shows that the Department properly applied Los Angeles County Civil Service Commission Rules, rule 5.26 to extend respondent's probationary period. Respondent was afforded the due process appropriate to his status as a probationary employee. There is no showing of an abuse of discretion. The trial court erred in granting respondent's petition for writ of mandate.

DISPOSITION

The order is reversed. Appellants to have their costs on appeal.

Vogel (C. S.), P. J., and Curry, J., concurred.